UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tracey Hiss,                                                              Case No. 3:14-cv-01137

             Plaintiff

      v.                                                                MEMORANDUM OPINION
                                                                         AND ORDER

Terry Chapman, et al.,

             Defendants

        On May 14, 2013, Tracey Hiss was suspended with pay from her positions as a tenured middle school teacher and coach of the high school girls track and cross country teams with the Perkins School District in Sandusky, Ohio, pending an investigation into allegations Hiss had engaged in conduct unbecoming a teacher. (Doc. No. 1-1). One year later, the Board of Education of the Perkins Local School District informed Hiss that it intended to consider terminating Hiss's teaching contract. (Doc. No. 1-8). In response, Hiss filed suit, alleging her employment contract has been breached and her due process and equal protection rights have been violated. (Doc. No. 1; Doc. No. 16).

        The initial question in any case brought in federal court is the question of whether the court has jurisdiction to hear the case. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884))). I conclude I do not have jurisdiction and dismiss Hiss's complaint without prejudice.

Hiss alleges the members of the Board of Education voted to terminate her "without providing the necessary review of the specific charges against her." (Doc. No. 16 at 7). The basis for this allegation is unclear. Hiss acknowledges this allegation "is contrary to the statements made in the [May 16] letter," which expressly states the Board of Education will not take further action on its intention to consider terminating Hiss's teaching contract "until after the tenth day after the date that [Hiss] first receive[d] this notice letter." (Doc. No. 16 at 7; Doc. No. 1-8 at 1). The Defendants also represent to the court Hiss "still is an employee of the Perkins Local School District and that termination proceedings remain pending." (Doc. No. 13 at 1-2). The official minutes from the Board of Education's May 14, 2014 meeting support this representation and align with the text and substance of the notice letter. *See* http://www.perkinsschools.org/Downloads/5-14-2014%20Regular%20Meeting.pdf, at 7-8 (last visited October 16, 2014).

The ripeness doctrine requires a court to evaluate "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 814 (2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)). "Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997) (citing *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 200-01 (1983)). Hiss claims her teaching contract was breached and her procedural due process and equal protection rights were violated when the Board of Education terminated her employment. It appears, to the contrary, that Hiss has not in fact been terminated. Under Ohio law, Hiss is entitled to submit a written demand for a hearing after receiving notice of the Board of Education's intent to consider terminating her contract and before the Board of Education acts to terminate her employment. Ohio Rev. Code § 3319.16.

I conclude Hiss's claims are unripe because those claims, at least in large part, are contingent upon the unknown outcome of future events. *See Warshak v. U.S.*, 532 F.3d 521, 526 (6th Cir. 2006)

("Answering difficult legal questions before they arise and before the courts know how they will arise is not the way we typically handle constitutional litigation."); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) ("We have described the root requirement of the Due Process Clause as being that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." (emphasis in original) (quotations and citations omitted)). To the extent Hiss asserts an equal protection claim related to the fact of the investigation alone, it is a more prudent use of judicial resources to delay adjudication of such a claim until after the resolution of the Board of Education's initiation of the procedures laid out in Ohio Rev. Code § 3319.16.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge